NA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Strouse, et al., | No. CV 17-00471-TUC-RCC |
| Plaintiffs, | |
| v. | **ORDER** |
| Unknown Madrid, et al., | |
| Defendants. | |

Plaintiffs James Strouse, Ronald Boyjin, Orlando Vasquez, Darrick Boroczk,[1] Arnaldo Serrano,[2] and John Does 2-200, who were apparently all confined in the United States Penitentiary-Tucson, have filed a pro se civil rights Complaint (Doc. 1) pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiffs Strouse, Boyjin, and Vasquez also filed a document seeking service of subpoenas and seeking leave to proceed in forma pauperis[3] ("Motion for Service and to Proceed In Forma Pauperis") (Doc. 2). On September 29, October 4, October 13, and November 30, 2017, Plaintiffs filed Motions to Supplement the Complaint (Docs. 4, 5, 10, 15, 26, 27). On September 29, October 12, and November 16, 2017 and January 2,

---

[1] In an October 13, 2017 Motion to Supplement, Plaintiffs appear to seek to add Boroczk as a Plaintiff in this action.

[2] In a November 30, 2017 "Petition for Joinder of 'Plaintiff,'" Plaintiffs appear to seek to add Serrano as a Plaintiff in this action.

[3] It appears that only Plaintiff Strouse has requested leave to proceed in forma pauperis.

2018, Plaintiffs filed Motions for Preliminary Injunctions (Docs. 7, 12, 24, 30).[4]  On September 29, 2017, Plaintiffs filed an Emergency Motion (Doc. 8), and Plaintiff Strouse filed a Motion to Proceed In Forma Pauperis (Doc. 9).  On October 12, 2017, Plaintiffs filed a Motion to Preserve Evidence (Doc. 11); however, the Motion to Preserve Evidence is only signed by Plaintiff Strouse.  On October 12, 2017, Plaintiff Strouse filed a Motion to Order the Bureau of Prison to Provide an Inmate Trust Account (Doc. 13).  On October 26, 2017, Plaintiff Strouse filed a Motion for Service of Subpoenas (Doc. 18).  On October 30, 2017, Plaintiff Strouse filed a Letter (Doc. 21).  On October 31, 2017, Plaintiff Strouse filed an Application to Proceed In Forma Pauperis (Doc. 19).  On November 30, 2017, Plaintiffs filed a Motion for Order to Show Cause (Doc. 25.)  On January 8, 2018, Plaintiff Strouse filed a Petition to Dismiss Incident Report (Doc. 31) and a Petition to Correct Declaration (Doc 32).  On February 5, 2018, Plaintiff Strouse filed a Motion to Seize and Desist (Doc. 34).  On February 12, 2018, Plaintiff sent a letter addressed to the undersigned (Doc. 35).[5]  The Court will dismiss this action and terminate the motions.

**I.     Class Action**

Plaintiff Strouse purports to file this action as a class action.  One prerequisite to maintaining a class action is that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  It follows that a class action may not be certified where the representative parties are without counsel.  *See McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer had no authority to appear as an attorney for other persons in a purported class action); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (while a non-attorney may

---

[4] It appears that Docs. 12, 24, and 30 were filed only by Plaintiff Strouse.

[5] It is improper for a party to communicate directly with court personnel.  Simply mailing a letter to the Clerk of Court, the judge, or any court personnel is unacceptable.  Any request for action by the Court must be in the form of a motion that complies with the Rules of Practice of the United States District Court for the District of Arizona (the Local Rules).  Any future letters directed to the Clerk of Court, the judge, or any court personnel will be stricken from the record and will be returned to Plaintiff.

1 represent himself, he has no authority to appear as an attorney for others); *Oxendine v.
2 Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit an inmate
3 proceeding pro se to represent fellow inmates in a class action).  "This rule is an
4 outgrowth not only of the belief that a layman, untutored in the law, cannot 'adequately
5 represent' the interests of the members of the 'class,' but also out of the long-standing
6 general prohibition against even attorneys acting as both class representative and counsel
7 for the class."  *Huddleston v. Duckworth*, 97 F.R.D. 512, 514 (N.D. Ind. 1983).
8 Accordingly, before deciding whether this matter can proceed as a class action, the Court
9 must first determine whether this is a case that merits the appointment of counsel.

10 There is no constitutional right to the appointment of counsel in a civil case. *See
11 Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  In
12 proceedings in forma pauperis, the court may request an attorney to represent any person
13 unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C.
14 § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v.
15 Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination with respect to
16 exceptional circumstances requires an evaluation of the likelihood of success on the
17 merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the
18 complexity of the legal issue involved.  *Id.*  "Neither of these factors is dispositive and
19 both must be viewed together before reaching a decision."  *Id.* (quoting *Wilborn v.
20 Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

21 Having considered both elements, it does not appear at this time that exceptional
22 circumstances are present that would require the appointment of counsel in this case.
23 Plaintiffs are in no different position than many pro se prisoner litigants.  In light of the
24 this decision, the Court will not allow this action to proceed as a class action because
25 Plaintiffs will not be able to fairly and adequately protect the interests of the class. *See*
26 Fed. R. Civ. P. 23(a)(4).
27 . . . .
28 . . . .

**II.     Severance of Action into Separate Actions**

Generally, plaintiffs may join in one action if they assert any right to relief arising out of the same occurrence or series of occurrences and if any question of law or fact in common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20. However, Rule 21 of the Federal Rules of Civil Procedure authorizes the Court to drop parties on just terms and sever claims. *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980) (even if the specific requirements of Rule 20 may be satisfied, a trial court must examine other relevant factors to determine if joinder of a party will comport with principles of fundamental fairness).

Even if Plaintiffs in this action are properly joined, the Court has found that management of pro se multi-plaintiff inmate litigation presents significant burdens to both the parties and the Court. Plaintiffs are inmates proceeding pro se, and, although each Plaintiff may appear on his own behalf, neither may appear as an attorney for the other. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). Therefore, during the prosecution of this action, each Plaintiff would be required to sign and submit his own motions and notices related to his claims in the action, and all Plaintiffs would be required to individually sign any motion or notice filed on behalf of all Plaintiffs. However, because of security concerns related to inmate correspondence and face-to-face communications, Plaintiffs would have at best only a very limited opportunity to discuss case strategy, share discovery, or even provide each other copies of the motions and notices they file with the Court. Thus, continued administration of the lawsuit by the inmates is limited, if not virtually impossible, due to the regulation of inmate-to-inmate correspondence. Moreover, inmates are subject to transfer at any time to a facility other than the one they are incarcerated in at the time of the lawsuit.[6]

. . . .

---

[6] In fact, on December 8, 2017, Plaintiff Vasquez filed a Notice of Change of Address (Doc. 28) informing the Court that he was transferred to the United States Penitentiary (USP)-Coleman II in Coleman, Florida, and on February 5, 2018, Plaintiff Strouse filed a Notice of Change of Address (Doc. 33) informing the Court that he was also transferred to USP-Coleman II.

With these concerns in mind, the Court concludes that unitary adjudication of Plaintiffs' claims would result in unfairness to Plaintiffs, Defendants, and the Court's goals of achieving judicial economy and maintaining efficient control of the Court's docket. Allowing each Plaintiff to proceed separately, however, would overcome the unfairness created by these circumstances. Therefore, the Court will sever this action into individual cases and a new case number will be assigned to each individually-named Plaintiff. The unnamed Defendants (Does 2-200) will be dismissed.

A copy of the Complaint and this Order will be placed in each new case, and a copy of Plaintiff Strouse's Application to Proceed In Forma Pauperis (Doc. 9) will be placed in his new case. **The rulings in this Order shall apply in each new case.** The individual Plaintiffs must proceed independently from this point and will not be regarded as co-plaintiffs, except upon further order of the Court.

### III.     Pending Motions

Because the Court will sever this action into separate actions for each individual Plaintiff and because the motions do not pertain to all of the Plaintiffs, the Court will direct the Clerk of Court to terminate the pending motions. All further pleadings, motions or other papers submitted for filing by an individual Plaintiff in his separate case must be signed by the individual Plaintiff, or they will be stricken.

**IT IS ORDERED:**

(1)     Plaintiffs John Does 2-200 are **dismissed**.

(2)     This case is **severed** into individual actions, one for each named Plaintiff, "Intervenor Plaintiff Darrick Boroczk," and Plaintiff Serrano. The Clerk of Court **must assign** a new case number to each new individual action.

(3)     The Clerk of Court **must close** this case (17-CV-00471-TUC-RCC), **terminate** the motions, and **enter judgment** accordingly.

(4)     The Clerk of Court **must file** a copy of the present Complaint (Doc. 1) and this Order in each new case. **The rulings in this Order shall apply in each new case**.

. . . .

(5) The Clerk of Court **must file** a copy of Plaintiff Strouse's Application to Proceed In Forma Pauperis (Doc. 9) in Plaintiff Strouse's new case.

(6) The individual Plaintiffs must proceed **independently** from this point and will not be regarded as co-plaintiffs, except upon further order of the Court. All further pleadings, motions or other papers submitted for filing by an individual Plaintiff in his separate case must be signed by the individual Plaintiff, or they will be stricken.

(7) The Clerk of Court is directed to send any correspondence for Plaintiffs Vasquez and Strouse to their updated addresses at the United States Penitentiary-Coleman II.

(8) Because the address of the United States Penitentiary-Tucson is the only address provided to the Court for the other Plaintiffs, the Clerk of Court is directed to use this address as the mailing address for Plaintiffs Boyajin, Boroczk, and Serrano when mailing a copy of this Order and the case-opening paperwork in the new actions.

Dated this 27th day of February, 2018.

_____
Honorable Raner C. Collins
Chief United States District Judge